UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HERMAN J. SPERLING,

                        Plaintiff,           MEMORANDUM
                                              OPINION AND ORDER
        -against-

                                                    CV 10-2415 (JTB) (ETB)

HARMAN INTERNATIONAL INDUSTRIES, INC.,

                        Defendant.
----------------------------------------------------------------X

       Before the Court is plaintiff's Motion to Compel Discovery ("Motion"). For the reasons that follow, the Motion is GRANTED.

## BACKGROUND

       Plaintiff filed this action on May 27, 2010. On February 8, 2011, the Court entered a stipulated protective order screening confidential information produced in this litigation from disclosure. In this action, plaintiff alleges, among other causes of action, that he was discriminated against on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq. Specifically, plaintiff alleges that he is a sixty-one year old male who began his employment with defendant Harman International Industries, Inc. ("Harman" or "defendant") in 1989. ("Second Amended Complaint ("SAC") ¶¶ 14-16). After climbing the corporate ladder, plaintiff was appointed vice president of web strategy and development for Harman in 2008. (SAC ¶¶ 21-23, 26). Also in 2008, Harman began to hire younger employees, including thirty-nine-year-old Eric Plaskanos as vice president of marketing services for Harman Consumer Group, a division of Harman; forty-year-old David Slump as president of Harman Consumer Group and vice president of Harman; and thirty-two-year-old Aaron Price as director of digital marketing for Harman. (SAC

¶¶ 24, 33-35). Thereafter, Harman reassigned plaintiff's web duties and responsibilities for a social networking initiative to the younger and less-qualified Price. (SAC ¶¶ 36, 43). Slump informed plaintiff that the younger, less-qualified Plaskanos was preferred for an executive position in the marketing department. (SAC ¶ 38). Moreover, plaintiff's responsibility for e-commerce was reassigned to the younger and less-qualified Andreas Kramer, and his field marketing responsibilities to the younger and less-qualified Chris Dragon. (SAC ¶¶ 39-40). Plaintiff was discharged in 2009. (SAC ¶ 47).

As part of the discovery process, plaintiff served defendant "with a request for the personnel files of the younger and allegedly less-qualified employees to whom his job functions were distributed, including Kramer, Plaskanos, Price, and Dragon." (Motion at 2; see also id., Exh. A at 2-3 (requesting production of personnel files of Plaskonos, Price, Kramer, and Dragon)). Defendant objected, asserting that the files were irrelevant and were protected by Connecticut's Personnel Files Act, Conn. Gen Stat. § 31-128f.[1] (See Motion at 2-3; Defendant's Response in Opposition to Motion to Compel Discovery ("Opposition" or "Opp.") at 2-3).

## Discussion

Federal Rule of Civil Procedure 26(b)(1) provides, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Proc. 26(b)(1). The discovery regime embodied in the Federal Rules of Civil Procedure "is an extremely permissive one . . . ." In re Subpoena Issued

---

[1] Defendant Harman is headquartered in Connecticut. (SAC ¶ 11).

to Dennis Friedman, 350 F.3d 65, 69 (2d Cir. 2003). "Generally, discovery is only limited when sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or privileged." Chembio Diagnostic Sys., Inc. v. Saliva Diagnostic Sys., Inc., 236 F.R.D. 129, 135 (E.D.N.Y. 2006) (internal quotation marks omitted).

As to personnel files, an employer has an "interest in maintaining the confidentiality of employee personnel files." Duck v. Port Jefferson Sch. Dist., No. 07 CV 2224, 2008 WL 2079916, at *4 (E.D.N.Y. 2008). However, "there is no rigid rule prohibiting discovery of employee personnel files." Id. Indeed, in most cases, a protective order can "appropriately remedy privacy concerns arising from discovery of personnel records." Id. (citing Ladson v. Ulltra East Parking Corp., 164 F.R.D. 376, 377 n.2 (S.D.N.Y. 1996)). As noted above, a protective order covering confidential information is already in place in this litigation.

Defendant asserts that its primary objection to production of these records is that they are not relevant. (Opp. at 2). It cites cases that limit production of personnel records when the plaintiff is trying to use statistical evidence to establish disparate treatment under the ADEA. (See Opp. at 3 (citing Duck, Hall v. N. Bellmore Union Free Sch. Dist., No. CV 08-1999, 2011 U.S. Dist. LEXIS 61334 (E.D.N.Y. June 7, 2011), and Palmer v. N.Y. State Office of Court Admin., No. 00-cv-0110, 2009 WL 1118271 (N.D.N.Y. Apr. 27, 2009)). Defendant points out that, in such situations, courts have limited disclosure of personnel records to those of employers similarly situated in all material aspects to the plaintiff. See, e.g., Duck, 2008 WL 2079916, at *11; Hall, 2011 U.S. Dist. LEXIS 61334, at *4-5; Palmer, 2009 WL 118271, at *2-4.

Defendant misses the apparent point of plaintiff's production request. Plaintiff has not requested these files in order to establish statistical disparate treatment by decisionmakers at Harman.

The files he requests are for those younger employees to whom defendant allegedly reassigned plaintiff's responsibilities. Plaintiff alleges that these individuals–Kramer, Plaskanos, Price, and Dragon–were less qualified to take on these assignments than plaintiff. Thus, information in their personnel files about their qualifications is undoubtedly relevant to plaintiff's claims. Indeed, one of the cases defendant cites supports this position. In Duck, a former middle school teacher and athletics coach alleged that she was discriminated against on the basis of age when the school district hired two younger, less-qualified people for a position rather than rehiring her. Duck, 2008 WL 2079916, at *6. The district court reversed in part the magistrate judge's discovery order which denied the plaintiff's motion to compel production of, among other documents, the personnel files of the two people whom plaintiff alleged had been hired in her stead. Id. at *8. Recognizing the likely relevance of the files, the district court ordered the files to be produced for in camera review. Here, plaintiff's allegations that defendant reassigned his duties to these four younger, less-qualified employees supports the relevance of their personnel files.

Defendant also objects that the requested documents are protected by a Connecticut statute that limits disclosure of information in an employee's personnel file. The statute provides, in relevant part:

> No individually identifiable information contained in the personnel file . . . of any employee shall be disclosed by an employer to any person or entity not employed by or affiliated with the employer without the written authorization of such employee except where the information is limited to the verification of dates of employment and the employee's title or position and wage or salary or where the disclosure is made . . . (2) pursuant to a lawfully issued administrative summons or judicial order, including a search warrant or subpoena, or in response to a government audit or the investigation or defense

4

>of personnel-related complaints against the employer.

Conn. Gen. Stat. § 31-128f.

Neither party disputes that disclosure of these personnel files appears to fit into exception allowing disclosure "pursuant to a lawfully issued administrative summons or judicial order, including a search warrant or subpoena, or in response to a government audit or the investigation or defense of personnel-related complaints against the employer." Defendant, however, asserts that the statute requires a heightened showing of relevance before protected information may be disclosed, citing an unpublished Connecticut state court case. (See Opp. at 2 (citing Dotson v. Hartford Roman Catholic Diocesan Corp., No. CV 106012742S, 2011 WL 1021745 (Conn. Super. Feb. 17, 2011)). The cited case does not stand for that proposition. Rather, it states quite plainly, "The legal precedent is clear that the contents of personnel files, though not immune to discovery, must only be disclosed in response to requests that directly relate to legitimate issues in the case material that is clearly material and relevant." Id. at *6. The Court has found that the requested information is relevant to plaintiff's claims. That is all that is required. See also Ruran v. Beth El Temple of West Hartford, Inc., 226 F.R.D. 165, 169 (D. Conn. 2005) (ordering disclosure of personnel records in an ADEA case because they "are certainly relevant to [the plaintiff's] claim," and holding that the files fell into the statute's second exception); Culkey v. Pitney Bowes, Inc., 225 F.R.D. 69, 72-73 (D. Conn. 2004) (ordering information from employee files produced because relevant to the plaintiff's Family and Medical Leave Act claim, and holding that the files fell into the statute's second exception).

<u>CONCLUSION</u>

For the foregoing reasons, plaintiff's Motion to Compel Discovery is GRANTED.

The parties are cautioned, however, that the Court will require strict compliance with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.3(a) before it will consider any further discovery disputes brought to its attention by the parties.

**SO ORDERED:**

Dated:  Central Islip, New York
           September 14, 2010

                                        /s/ E. Thomas Boyle
                                        E. THOMAS BOYLE
                                        United States Magistrate Judge